UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOE THORPE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  5:21-cv-02102 |
| | : | |
| TOWNSHIP OF SALISBURY, | : | |
| PENNSYLVANIA, *et al.*,[1] | : | |
| Defendants. | : | |

**O P I N I O N**
**Plaintiff's Motion for Preliminary Injunction, ECF No. 31 - Denied**
**Defendants Suhocki and Houck[2]'s Motion to Dismiss, ECF No. 36 - Granted**
**Defendant Reihman's Motion to Dismiss, ECF No. 38 - Granted**
**Defendant Donald Brinton's Motion to Dismiss, ECF Nos. 39-40 - Granted**
**Defendant Pochron's Motion to Dismiss, ECF No. 41 - Granted**
**Defendant Ashley's Motion to Dismiss, ECF No. 44 – Granted in part**
**Defendants'[3] Motion for More Definite Statement, ECF No. 47 - Granted**
**Defendants Milkovitz and Milkovitz's Motion to Dismiss, ECF No. 49 – Granted in part**

**Joseph F. Leeson, Jr.**                                              **March 22, 2022**
**United States District Judge**

I.    **INTRODUCTION**

In this pro se § 1983 action, Plaintiff Joe Thorpe alleges the Township of Salisbury, its

employees, and his neighbors conspired to violate his civil rights.  The alleged facts underlying

his claims are, *inter alia*, allegedly racist comments and activities in Thorpe's neighborhood, and

---

[1]      The Complaint incorrectly spelled the last name of Defendants Debra Brinton and Donald
Brinton as "Britton."  The Amended Complaint corrected this mistake, but the Clerk of Court
failed to correct the docket to reflect the correct spelling of these defendants as "Brinton" and
will be directed to do so.

[2]      Defendant Megan Houck is also known as Megan Suhocki.  This Defendant will be
referred to as Suhocki for purposes of this Opinion.

[3]      Defendants' Motion for a More Definite Statement was filed on behalf of the Township
of Salisbury, Debra Brinton, Nicolo, and Sell.

allegedly harassing behavior regarding cut trees and damage to, or the condition of, Thorpe's fence and pool.  Along with an Amended Complaint, Thorpe filed a motion for temporary restraining order and preliminary injunction.  Defendants have each filed motions to dismiss the Amended Complaint or for a more definite statement.  For the reasons set forth below, Defendants' motions are substantially granted, Thorpe's motion is denied, and Thorpe is granted leave to file a second amended complaint as to those claims dismissed without prejudice and containing a more definite statement.

## II.    BACKGROUND

Thorpe initiated this action pro se pursuant to 42 U.S.C. § 1983.  Following receipt of motions to dismiss, Thorpe filed a nearly identical Amended Complaint, *see* Am. Compl., ECF No. 32, as well as a motion for temporary restraining order ("TRO") and for a show cause order as to a preliminary injunction, Pl.'s Mot., ECF No. 31.  When asked in the Amended Complaint what federal rights Defendants[4] violated, it states "Equal protection, unfair treatment by government, housing discrimination, right to government services, protection from government intrusion, right to privacy, right to travel, and other protections."  *See* Am. Compl. § II(B).  When asked in the Amended Complaint to explain how his rights were violated, Thorpe lists claims of civil conspiracy as to each Defendant, as well as claims of malicious prosecution, abuse of process, defamation, private nuisance, fraud, and extortion as to certain Defendants.  *See id.* § II(D) and Att. 3.

---

[4]    The Amended Complaint names the following Defendants in their individual and official capacities: Debra Brinton, Magistrate Judge Michael Pochron, John Ashley, and Daniel Sell.  The following Defendants are named in their individual capacities only: Donald Brinton, James Suhocki, Megan Houck, Gregory Reihman, Michael Milkovitz, and Joelle Milkovitz.  The following Defendants are named in their official capacities only: the Township of Salisbury and Sandy Nicolo.

The factual allegations in the Amended Complaint against all twelve Defendants are contained in less than two pages and consist of the following.  *See* Am. Compl. at Att. 4.  Donald Brinton went around the neighborhood telling people "'us whites have got to stick together' and the 'Thorpes are black.'"  The Township of Salisbury, by failing to take action, essentially designated a public street under the control of certain residents that closed it to black neighbors; harassed Thorpe to make repairs to his fence; cut trees in the neighborhood and threw cuttings on and over Thorpe's fence, causing damage to the fence and his pool cover; sued Thorpe for the damage and for algae in Thorpe's pool, both cases Thorpe won.  Nicolo and Sell are Township employees and "participated in its activities."  Reihman helped the Township damage his fence and pool cover after the Township cut the trees.  Debra Brinton became a township official and defamed Thorpe by calling him "Dr. Thorpe" and refusing to recognize him as an attorney. Pochron, a county magistrate, also called him "Dr. Thorpe" and prevented him from filing civil or criminal complaints to stop damage to his fence.  Attorney Ashley[5] prosecuted a case against Thorpe for algae in his pool, which Thorpe won.  Suhocki and Houck damaged his fence by rearranging gutters on their property to direct water flow toward Thorpe's fence, then complained to the Township that it was damaged; complained to the Township about tree cuttings on Thorpe's property; and prosecuted a case against Thorpe for algae in Thorpe's pool, which Thorpe won.  Michael Milkovitz and Joelle Milkovitz asked Thorpe to cut down trees and threatened to file a false complaint with the Township if he refused.  Ashley prosecuted case against Thorpe for algae in his pool, which Thorpe won.

---

[5]     The Amended Complaint only identifies Ashley as an attorney, but consistent with Thorpe's allegations, the Motion to Dismiss and public records state that Ashley was the solicitor for the Township.  *See* Ashley Mem. 7, ECF No. 44-2; Resolution No. 01-2018-1591 (Jan. 2, 2018), https://www.salisburytownshippa.org/wp-content/uploads/2018/01/resolution-01-2018-1591.pdf (last accessed March 17, 2022).

Along with the Amended Complaint, Thorpe filed a motion requesting the Court to issue a TRO enjoining Defendants from the allegedly ongoing violations and a show cause order as to why a preliminary injunction should not issue pending resolution of the case. *See* TRO Mot., ECF No. 31. On July 22, 2021, the request for a TRO was denied and Defendants were directed to respond to the request for a preliminary injunction. *See* ECF No. 33. Defendants responded to Thorpe's motion, *see* ECF Nos. 45-46, and filed motions to dismiss the Amended Complaint asserting varying arguments or a motion for a more definite statement, *see* ECF Nos. 36, 38-41, 44, 47, 49, 57. Thorpe opposes Defendants' motions. *See* ECF Nos. 50-56.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(1) Motion to Dismiss – Review of Applicable Law

"[T]here are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)). "[A] court must first determine whether the movant presents a facial or factual attack" because the distinction determines the standard of review. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska*, 462 F.3d at 302 n.3). A factual attack challenges "subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A factual attack "cannot occur until plaintiff's allegations have been controverted[,]" *Mortensen*, 549 F.2d at 892 n.17, which occurs when the movant files an answer or "otherwise

presents competing facts." *Aichele*, 757 F.3d at 358. "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen*, 549 F.2d at 891). "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations. . . ." *Id.* (quoting *Mortensen*, 549 F.2d at 891) (alterations in original). When a motion to dismiss is based on lack of subject matter jurisdiction in addition to other defenses, "[a]n actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." *Tagayun v. Stolzenberg*, 239 F. App'x 708, 710 (3d Cir. 2007).

**B.      Rule 12(b)(6) Motion to Dismiss - Review of Applicable Law**

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). Although the court must

liberally construe pro se filings,[6] "a pro se complaint may not survive dismissal if its factual allegations do not meet *Iqbal*'s basic plausibility standard." *Beasley v. Howard*, No. 20-1119, 2021 U.S. App. LEXIS 28041, at *6 (3d Cir. Sep. 17, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

Rule 8 requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The pleadings must go beyond these minimal requirements when alleging fraud and "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, a plaintiff "must allege who made a misrepresentation to whom and the general content of the misrepresentation," and also plead either the date, place, or time of the fraud, or "through alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004). *See also Smith v. Sch. Dist.*, 112 F. Supp. 2d 417, 429 (E.D. Pa. 2000) (explaining that an "allegation of defamation is subject to a more stringent standard of pleading than is usually the case").

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Additionally, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of proving that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*,

---

[6]     *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that *pro se* pleadings are to be "liberally construed").

404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### C.      Rule 12(e) Motion for More Definite Statement - Review of Applicable Law

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  The motion "must point out the defects complained of and the details desired." *Id.*  A "motion for a more definitive statement is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail." *Frazier v. Se. Pa. Transp. Auth.*, 868 F. Supp. 757, 763 (E.D. Pa. 1994).  It "is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading." *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 798 (3d Cir. 1967).  It is appropriate where, for example, a complaint does not disclose sufficient facts underlying a plaintiff's claim that a defendant will not be able to frame a fact-specific defense. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006).

### D.      Section 1983 – Review of Applicable Law

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  To answer that

question, the United States Court of Appeals for the Third Circuit has outlined three broad tests: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

### E.    Civil Conspiracy – Review of Applicable Law

"In Pennsylvania, 'to state a cause of action for civil conspiracy, the following elements are required: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage.'" *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003) (quoting *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987-988 (Pa. Super. Ct. 1997)).  "To demonstrate the existence of a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Laurensau v. Romarowics*, 528 F. App'x 136, 140 (3d Cir. 2013) (internal quotations omitted).  The plaintiff must assert specific facts from which a conspiratorial agreement can be inferred, including the times and places of meetings and the general role of each conspirator. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178- (3d Cir. 2010); *Marroni v. Sykes*, No. 91-6206, 1992 U.S. Dist. LEXIS 9155, at *10 (E.D. Pa. June 23, 1992).

F.        **Preliminary Injunction - Review of Applicable Law**

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

## IV.     DISCUSSION

A.        **This Court has subject matter jurisdiction.**

Initially, this Court considers whether it has subject matter jurisdiction. Although Thorpe cites only to state torts in his § 1983 complaint, Thorpe alleges that his federal constitutional rights to, *inter alia*, travel and to equal protection were infringed. Thorpe also makes factual allegations that Defendants conspired to block his access to a neighborhood street[7] and to violate other rights due to his race.[8] Accordingly, Thorpe has presented a federal question to provide subject matter jurisdiction. Although Thorpe may have failed to plead sufficient facts to state

---

[7]      *Lutz v. York*, 899 F.2d 255, 268 (3d Cir. 1990) ("We conclude that the right to move freely about one's neighborhood or town, even by automobile, is indeed 'implicit in the concept of ordered liberty' and 'deeply rooted in the Nation's history.'").

[8]      The Equal Protection Clause of the Fourteenth Amendment prohibits states from purposefully discriminating between individuals on the basis of race. *Shaw v. Reno*, 509 U.S. 630, 642 (1993). "Intentional discrimination can be shown when: (1) a law or policy explicitly classifies citizens on the basis of race; (2) a facially neutral law or policy is applied differently on the basis of race; or (3) a facially neutral law or policy that is applied evenhandedly is motivated by discriminatory intent and has a racially discriminatory impact." *Antonelli v. New Jersey*, 419 F.3d 267, 274 (3d Cir. 2005) (internal citations omitted).

such a claim, as discussed herein, "[d]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Growth Horizons, Inc. v. Del. Cty.*, 983 F.2d 1277, 1280-81 (3d Cir. 1993) (internal quotations omitted). Accordingly, the motions to dismiss based on lack of subject matter jurisdiction are denied.[9]

### B. The official-capacity claims against Pochron and Ashley are barred by Eleventh Amendment immunity.

"[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). A state can waive[10] its immunity. *See* 1 Pa. C.S.A. § 2310 (The "Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."). "Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Moreover, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (explaining that "a suit

---

[9]      *But see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984) ("In short, the principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III.")); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (holding that a Rule 12(b)(1) motion is the proper mechanism for a defendant to raise the issue of whether Eleventh Amendment immunity bars federal jurisdiction).

[10]      "Pennsylvania has not waived its immunity under Section 1983." *Bartlett v. Kutztown Univ.*, No. 13-4331, 2015 U.S. Dist. LEXIS 21665, at *38 (E.D. Pa. Feb. 23, 2015). *See also* 2 Pa. C.S. § 8522(b) (listing the nine areas in which immunity has been waived).

against a state official in his or her official capacity is not a suit against the official but rather is a

suit against the official's office"); *see also* 42 U.S.C. § 1983 (applying to "persons").

Consequently, Thorpe's claims against Pochron and Ashley in their official capacities are

dismissed with prejudice.[11]

C.      **Pochron and Ashley are protected by absolute immunity in their individual-
        capacities.**

The individual capacity claims against these Defendants are dismissed with prejudice.

1.      **Pochron is protected by judicial immunity**

"A judicial officer in the performance of his duties has absolute immunity from suit and

will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)

(citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991). "A judge will not be deprived of immunity

because the action he took was in error, was done maliciously, or was in excess of his authority."

*Stump v. Sparkman*, 435 U.S. 349, 356 (1978). *Accord O'Shea v. Littleton*, 414 U.S. 488, 503

(1974) (holding that judicial immunity does not reach protect criminal conduct).

Pochron's decision to not allow Thorpe to file civil or criminal complaints[12] was a

judicial act for which he is immune from suit. *See Aruanno v. Walsh*, 443 F. App'x 681, 683 (3d

Cir. 2011) (determining that the judge's alleged conduct that prevented the plaintiff from filing a

---

[11]    Because the official capacity claims are barred by the Eleventh Amendment, an
amendment would be futile. *See Jones v. Del. Health*, 709 F. App'x 163, 164 (3d Cir. 2018)
(holding that because the plaintiff's action was barred by the Eleventh Amendment, any attempt
to amend would be futile). Although official capacity claims were also raised against Debra
Brinton, Nicolo, and Sell, none of these Defendants filed a motion to dismiss, neither did the
Township of Salisbury.
[12]    Thorpe does not raise an access-to-court claim, but even if he had, there is nothing to
suggest that the alleged denial of access prevented him from pursuing a nonfrivolous
constitutional claim, as evidenced from the instant action. *See Lewis v. Casey*, 518 U.S. 343, 354
(1996) (holding that denial of access to court claims has been extended "only slightly" beyond
criminal appeals to include civil rights actions).

civil complaint is protected by absolute judicial immunity).  Similarly, because Pochron's

interaction with Thorpe was through his position as magistrate judge, Pochron's statements

referring to Thorpe as "Dr." are also judicial acts protected by immunity.  *See Burns v. Reed*, 500

U.S. 478, 489-90 (1991) (holding that like witnesses, prosecutors and other lawyers are

absolutely immune from civil liability for false or defamatory statements related to judicial

proceedings).[13]

### 2.     Ashley is protected by prosecutorial immunity

A prosecutor has absolute immunity from civil suit "in initiating a prosecution and in

presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  When acting in a

prosecutorial capacity, absolute immunity extends to a county solicitor.  *See Dunsmore v.

Chester Cty. Children & Youth Servs.*, No. 92-3746, 1993 U.S. Dist. LEXIS 4249, at *10-11

(E.D. Pa. Apr. 5, 1993) (extending absolute immunity to the county solicitor for actions taken in

her prosecutorial capacity); *Iseley v. Bucks Cty.*, 549 F. Supp. 160, 166 (E.D. Pa. 1982) (finding

that the township solicitor was protected by absolute immunity).  Absolute immunity applies

"even where [the prosecutor] acts without a good faith belief that any wrongdoing has occurred"

and "[c]onsideration of personal motives is directly at odds with the Supreme Court's simple

functional analysis of prosecutorial immunity."  *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d

Cir. 1992); *Dunsmore*, 1993 U.S. Dist. LEXIS 4249, at *11-12 ("Regardless of its heinousness or

---

[13]      To the extent Pochron may have referred to Thorpe as "Dr. Thorpe" outside of his
judicial role, there is nothing defamatory or otherwise unlawful about such a comment that could
possibly state a claim for civil liability and any amendment in this regard would be futile.  *See
Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that although a pro
se plaintiff should normally be given an opportunity to file a curative amendment, leave to
amend need not be granted where an "amendment would be inequitable or futile").

degree of culpability, prosecutorial misconduct is, for strong policy reasons, beyond the reach of civil liability.").

Ashley's prosecution of a case against Thorpe, which is his only alleged involvement,[14] is protected conduct.  *See Radocesky v. Munley*, 247 F. App'x 363, 365 (3d Cir. 2007) ("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages."); *Shaud v. Sugarloaf Twp. Supervisors*, No. 3:07cv1212, 2008 U.S. Dist. LEXIS 8006, at *6 (M.D. Pa. Feb. 4, 2008) (concluding a prosecutor is absolutely immune when initiating and presenting the state's case, even where he acts without a good faith belief that any wrongdoing has occurred).

### D. The Amended Complaint fails to state a cognizable claim against Donald Brinton, Suhocki, Houck, Reihman, Michael Milkovitz, and Joelle Milkovitz.

Thorpe has failed to show that Defendants Donald Brinton, Suhocki, Houck, Reihman, Michael Milkovitz, and/or Joelle Milkovitz were "state actors."  Rather, the allegations suggest that these Defendants are merely neighbors of Thorpe and are therefore private parties. Although § 1983 "does not require that the defendant be an officer of the State," a private-party defendant may only be a "state actor" if  he or she is "a willful participant in joint action with the State or its agents."  *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.").  "Action taken by private entities with the mere approval or acquiescence of the State is not state action."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).

---

[14]     Moreover, Ashley asserts that as Solicitor he first became involved in the underlying case against Thorpe after Thorpe filed a summary appeal, *see* Ashley Mem. 6, ECF No. 44-2, which is supported by the public records, *see* MJ-31108-NT-0000103-2020; CP-39-SA-0000143-2020. This defeats Thorpe's malicious prosecution claim on the merits because Ashley did not "initiate" the proceeding.  *See Hilfirty v. Shipman*, 91 F.3d 573, 579 (3d Cir. 1996).

"[A]lthough the allegations in a civil rights complaint are not held to a heightened pleading standard, a plaintiff must assert facts showing a conspiracy with some particularity." *Humphreys v. PPL Elec. Utils. Corp.*, No. 12-4334, 2014 U.S. Dist. LEXIS 154819, at *5-6 (E.D. Pa. Oct. 30, 2014) (internal citation omitted). "[T]he bare allegation of an agreement is insufficient to sustain a conspiracy claim." *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012).

Thorpe's allegations of a conspiracy in the Amended Complaint are wholly conclusory and therefore insufficient to state a claim. *See Great W. Mining & Mineral Co.*, 615 F.3d at 176 (holding that the court does "not consider any conclusory allegations that there was 'a corrupt conspiracy,' 'an agreement,' or 'an understanding in place between the Defendants and [state officials]" and that the plaintiff failed to allege, *inter alia*, the approximate time when the agreement was made, the specific parties to the agreement, the period of the conspiracy, or the object of the conspiracy). Thorpe does not allege adequate, if any, information about the specific parties to the agreements (which private parties conspired with which Township officials); when or where such agreements were formed; or what was agreed to. *See Livingston v. Borough of Edgewood*, 430 F. App'x 172, 178-79 (3d Cir. 2011) (affirming dismissal of federal and state-law conspiracy claims where the plaintiff failed to adduce sufficient evidence that "the defendants acted under the authority of state law to discriminate purposefully against him on the basis of his race" or that there was conspiratorial agreement among the defendants); *Plouffe v. Gambone*, No. 11-6390, 2012 U.S. Dist. LEXIS 85405, at *17 (E.D. Pa. June 20, 2012) (dismissing the § 1983 claims because there were no facts connecting the defendant's actions or failure to act with state actors, suggesting a meeting of the minds, or otherwise supporting a plausible inference of conspiracy). In the absence of sufficient allegations of a conspiracy between the private-party Defendants and any state official, Thorpe has not shown that the

private-party Defendants are state actors. The § 1983 claims[15] against Defendants Donald

Brinton, Suhocki, Houck, Reihman,[16] Michael Milkovitz, and/or Joelle Milkovitz are therefore

dismissed, but without prejudice and with leave to amend.[17]

      **E.**    **The Motion for a More Definite Statement is granted in part.**

Thorpe alleges that Debra Brinton, Nicolo, and Sell are each Township employees and,

along with the Township of Salisbury, were "state actors" under § 1983. These Defendant have

not moved to dismiss the Amended Complaint, but have instead filed a Motion for a More

Definite Statement. The Motion seeks the following details: how each of the moving Defendants

acted under color of state or local law; the exact federal, constitutional, or statutory rights

allegedly violated by the moving Defendants; and which of the moving Defendants allegedly

violated such rights. *See* Mot. Def. Stmt ¶¶ 6, 10, ECF No. 47. In response, Thorpe argues that

the moving Defendants have not met their heavy burden under Rule 12(e) and that his Amended

---

[15]     Because Thorpe has failed to state a federal claim, the Court declines to address the
merits of the state-law claims. However, for the reasons outlined in the Defendants' motions to
dismiss, it appears Thorpe has also failed to state a claim under state law and he is directed to
include additional factual allegations in any amended pleading to support each claim. *See
Muhammad v. Dempsey*, 531 F. App'x 216, 218-19 (3d Cir. 2013) ("A civil conspiracy claim
requires a valid underlying tort claim, and § 1983 does not provide an independent cause of
action." (internal citations omitted)).

[16]     Because the claims against Reihman are being dismissed with leave to amend, there is no
need to consider whether the allegations against him state a claim for punitive damages.
However, Thorpe is advised that when filing a second amended complaint, he must include
specific factual allegations to support any renewed claim for punitive damages.

[17]     Although not alleged in the Amended Complaint and insufficient to show a conspiracy
without more specific factual allegations, *see Dennis*, 449 U.S. at 27-28 ("[M]erely resorting to
the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a
joint actor with [a state official]"); *Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004)
(acknowledging that multiple Circuits "have held that the use of police officers to assist in 'the
exercise of self-help' does not create a sufficient conspiracy with a private person to deprive an
individual of their rights"), Thorpe's opposition briefs include additional factual allegations
regarding the alleged conspiratorial agreements, *see* ECF Nos. 50-52. Accordingly, the Court
cannot conclude that leave to amend would be futile. *See Grayson*, 293 F.3d at 108.

Complaint is not so vague and conclusory, as evidenced by the responses filed by the other Defendants.  *See* ECF No. 56.

As to the claims against Debra Brinton, Nicolo, and Sell, a motion for a more definite statement is appropriate because these Defendants, who were named in both their individual and official capacities, may be immune from suit.  *See Thomas*, 463 F.3d at 289 (holding that where a complaint lacks factual specificity to prevent a defendant from framing a fact-specific qualified immunity defense, the appropriate remedy is the granting of a defense motion for a more definite statement under Federal Rule 12(e)).  Depending on the factual allegations, the Defendants may be entitled to Eleventh Amendment immunity and/or qualified immunity.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"); *Betts*, 621 F.3d at 254 ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state."); *Smith*, 112 F. Supp. 2d at 425 (concluding that a public official is absolutely immune from civil suits for defamation, provided the defamatory statement was made in the course of the defendant's official duties and within the scope of his authority).  Moreover, regardless of a possible immunity defense, the allegations against Nicolo and Sell are too vague for either Defendant to reasonably answer.  Thorpe merely alleges that Nicolo and Sell are Township employees and "participated in its activities."  He does not identify the "activities" to which he is referring.  A more definite statement is therefore ordered as to these Defendants.

As to the Township of Salisbury, this Court finds that the Amended Complaint is not vague or unintelligible; rather, it lacks detail.  *See Frazier*, 868 F. Supp. at 763 (explaining that a motion for a more definitive statement "is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail").  Specifically, the Amended Complaint fails to identify a custom or policy that caused the deprivation of civil rights, nor does it allege that any of the individual Defendants were policymakers.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (A "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (holding "municipal liability under § 1983 attaches where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.").  Nevertheless, because a more definite statement is appropriate for the Township officials/employees to determine what actions were allegedly taken in their official capacities and because a second amended complaint is being permitted as to many of Thorpe's other claims, a more definite statement is also granted as to the Township.

Thorpe is advised that his more definite statement as to these Defendants should take the form of an amended complaint and should contain sufficient factual allegations to support each claim asserted against these Defendants as he will not be permitted leave to amend a third time in response to a motion to dismiss.  In addition to pleading the elements of each claim, he is advised that a "private tort is not committed under color of law simply because the tortfeasor is an

employee of the state. Rather, in order for the tortfeasor to be acting under color of state law, his act must entail misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150 (3d Cir. 1995) (internal quotations omitted). Mere conclusory allegations, as were asserted against the private-party Defendants, will be insufficient to state a claim against the public-official Defendants as well. *See Nadig v. Nagel*, 272 F. Supp. 2d 509, 511-13 (E.D. Pa. 2003) (finding that the plaintiffs' alleged connection between the defendant's public position and a violation of the plaintiff's constitutional rights was nothing more than an unsupported conclusion). Further, absent a special relationship, states are under no affirmative duty to protect citizens from torts committed by private individuals. *See Mark*, 51 F.3d at 1150. If Thorpe wants to asserts a *Monell* claim, he must specify what exactly was the custom or policy. *See McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).

      **F.**    **Leave to file an amended complaint.**

To the extent a motion for a more definite statement was granted and any claim was dismissed with leave to amend, Thorpe is advised that his second "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original two complaints. *Id.* The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). The amended complaint must include specific factual allegations as to each Defendant and each claim. To the extent Thorpe makes additional allegations in his opposition briefs regarding, *inter alia*, the restriction of his travel, race discrimination, equal protection violations, and conspiracy with state actors, *see* ECF

Nos. 50-56, he is advised that if the allegations are not included in the second amended complaint, they will not be considered.  "The amended complaint must be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure."  *Id.* (citing Fed. R. Civ. P. 8(e)(1)). Thorpe is reminded, however, that many of his claims require heightened pleading beyond Rule 8, as has been discussed herein.

> **G.     Thorpe's preliminary injunction request is denied.**

For the reasons set forth herein, Thorpe has failed to show a likelihood of success on the merits, which is a necessary requirement for injunctive relief, and his Amended Complaint is largely dismissed.  *See Jackson v. Sec'y Pa. Dep't of Corr.*, 438 F. App'x 74, 75 (3d Cir. 2011) (affirming the denial of the request for an order to show cause for a preliminary injunction that was based on the amended complaint because the amended complaint was dismissed). Additionally, Thorpe's allegations are mostly conclusory and he has failed to show irreparable harm.  *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."); *Cont'l Grp., Inc.*, 614 F.2d at 359 (holding that "an injunction[] may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law" (internal quotations omitted)).  Thorpe's motion for a preliminary injunction is denied.

**V.     CONCLUSION**

This Court has federal question jurisdiction over the § 1983 complaint, which alleges violations of Thorpe's Constitutional right to travel and of equal protection.  The motions to dismiss on this basis are denied.  Thorpe's claims against Pochron and Ashley in their individual

and official capacities are dismissed with prejudice because they are immune.  Thorpe's

allegations of a conspiracy are wholly conclusory and therefore insufficient to show that the

private-party Defendants (Donald Brinton, Suhocki, Houck, Reihman, Michael Milkovitz, and/or

Joelle Milkovitz) are state actors under § 1983.  The claims against these Defendants are

dismissed without prejudice.  Although there is no motion to dismiss the claims against Debra

Brinton, Nicolo, and Sell at this time, their request for a more definite statement is granted

because the allegations are too vague to determine whether any of these Defendants is entitled to

immunity.  A more definite statement is also being ordered as to the Township of Salisbury to

give Thorpe an opportunity to include additional, specific factual allegations to state a claim for

relief against the Township.  Finally, because Thorpe has failed to show a likelihood of success

on the merits or irreparable harm, his motion for a preliminary injunction is denied.

   A separate Order follows.

            BY THE COURT:


            */s/ Joseph F. Leeson, Jr.*
            JOSEPH F. LEESON, JR.
            United States District Judge